**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

ENERGY ACUITY, LLC, a Colorado limited liability company,

      Plaintiff,

v.

ECLIPSALL ENERGY CORP., a Canadian corporation,

      Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Energy Acuity, LLC, by and through its undersigned counsel, and for its Complaint (the "Complaint") against Defendant Eclipsall Energy Corp., states and alleges as follows:

## I.      PARTIES

1.     Plaintiff Energy Acuity, LLC ("Energy Acuity") is a Colorado limited liability company with its principal place of business located in Denver, Colorado.

2.     Upon information and belief, defendant Eclipsall Energy Corp. ("Eclipsall Energy") is a Canadian corporation with its principal place of business located in Ontario, Canada.

## II.     JURISDICTION AND VENUE

3.     The Court may exercise subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, among other things, a substantial portion of the events giving rise to the claims asserted herein occurred in this judicial district and a substantial part of the property that is the subject of this action is situated in this judicial district.

## GENERAL ALLEGATIONS

5.      Energy Acuity licenses a service that provides information and data that can be used for research, strategic planning, business development, sales, and market intelligence (the "Product").

6.      Energy Acuity's licensees access the Product via the website Energy Acuity owns and operates, http://www.energyacuity.com (the "Website").  The Product provides Energy Acuity's licensees with access to a continuously-updated, categorized database of information that is highly searchable.  The Product also provides Energy Acuity's licensees with the option to create and print customized reports that contain information from the database.

7.      In the normal course of its business, Energy Acuity registered key components of the Product for copyright protection (the "Copyrighted Work").  A copy of the Certificate of Registration evidencing such copyright protection is attached hereto as **Exhibit A**.

8.      On April 6, 2012, Energy Acuity and Eclipsall Energy entered into a Software and Data Subscription Agreement (the "Agreement").  A true and correct copy of the Agreement is attached hereto as **Exhibit B**.

9.      Pursuant to the terms of the Agreement, Energy Acuity agreed to license the Product, including the Copyrighted Work, to Eclipsall Energy in exchange for Eclipsall Energy's agreement to pay Energy Acuity an annual license fee.

4829-1975-9634.2

10.    From the time the Agreement was executed, Eclipsall Energy regularly used and benefited from the Product, including the Copyrighted Work.

11.    The Agreement had an initial term of one year, which covered the period from April 6, 2012 until April 5, 2013 (the "Initial Term").

12.    In exchange for use of the Product during the Initial Term, Eclipsall Energy agreed to pay Energy Acuity the amount of $13,750.00 (the "Initial Term License Fee").

13.    Eclipsall Energy did not pay the Initial Term License Fee when it was due and owing.

14.    On November 29, 2012, Energy Acuity made a written demand upon Eclipsall Energy for payment of the Initial Term License Fee.  A copy of the November 29, 2012 letter sent from Energy Acuity's counsel, Michael Frandina, Esq. of Kutak Rock LLP, to Eclipsall Energy is attached hereto as **Exhibit C**.

15.    Despite Energy Acuity's demand for payment pursuant to the terms of the Agreement, Eclipsall Energy has not paid the Initial Term License Fee.

16.    Eclipsall Energy has continued to access Energy Acuity's website, to use the Product, including the Copyrighted Work, and to generate large quantities of proprietary reports, despite not paying the Initial Term License Fee.

17.    Eclipsall Energy improperly used the Product, including the Copyrighted Work, and generated proprietary reports from the Website without Energy Acuity's authorization as recently as November 13, 2012.  In the nine months since the Agreement was executed, Eclipsall Energy has generated more than 1,700 reports using the Product, including the Copyrighted Work.

4829-1975-9634.2

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

18.     Plaintiff Energy Acuity hereby incorporates the allegations set forth in paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19.     Energy Acuity has properly registered and owns or controls the copyright and/or exclusive online distribution rights to the Copyrighted Work and, as such, the Copyrighted Work belongs to Energy Acuity.

20.     Energy Acuity has the exclusive right to reproduce the Copyrighted Work, prepare derivative works based upon the Copyrighted Work and distribute the Copyrighted Work, including by rental, lease or lending, pursuant to 17 U.S.C. § 106.  Energy Acuity exercised its exclusive rights to the Copyrighted Work by, among other things, agreeing to allow Eclipsall Energy to access Energy Acuity's website to use the Product, including the Copyrighted Work, in exchange for a monetary fee.

21.     Eclipsall Energy has refused to pay the monetary fee it owes to Energy Acuity and thus its use of the Product since April 6, 2012 has been unauthorized.

22.     Despite its failure to pay the monetary fee owed Energy Acuity, Eclipsall Energy continues to access Energy Acuity's website and to use the Product, including the Copyrighted Work.

23.     By doing so, without authorization from Energy Acuity, or right under law, Eclipsall Energy has infringed and, upon information and belief, continues to infringe, Energy Acuity's exclusive rights in the Copyrighted Work in violation of the Copyright Act, 17 U.S.C. § 106.

4829-1975-9634.2

24.     Eclipsall Energy will continue to infringe the Copyrighted Work unless restrained from doing so.

25.     Eclipsall Energy has knowingly and willfully committed acts of infringement and is directly liable for these acts of infringement.

26.     As a direct and proximate result of Eclipsall Energy's infringement of Energy Acuity's exclusive rights under copyright, Energy Acuity is entitled to actual damages, including but not limited to, the Initial Term License Fee.

27.     Alternatively, Energy Acuity is entitled to the maximum statutory damages, in the amount of up to $150,000 per infringement, pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

28.     Energy Acuity is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**

29.     Plaintiff Energy Acuity hereby incorporates the allegations set forth in paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30.     The Agreement is a valid and binding agreement between Energy Acuity and Eclipsall Energy.

31.     Energy Acuity has fully performed and continues to perform all of its obligations under the Agreement, and all conditions precedent to enforcing the Agreement have been met or satisfied.

4829-1975-9634.2

32.     Eclipsall Energy breached the Agreement by, among other things, failing to pay the amounts due and owing under the Agreement while continuing to benefit from Energy Acuity's performance under the Agreement.

33.     Under the express terms of the Agreement, Energy Acuity is entitled to interest on the amounts due and owing under the Agreement as well as costs and expenses incurred in collecting the amounts due and owing under the Agreement, including attorneys' fees.

34.     As a direct and proximate cause of Eclipsall Energy's breach of the Agreement, Energy Acuity has been damaged in an amount to be proven at trial and which includes, without limitation, the Initial Term License Fee, together with interest and the costs of collection, including attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (Breach of Implied Duty Good Faith and Fair Dealing)

35.     Plaintiff Energy Acuity hereby incorporates the allegations set forth in paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.     The Agreement is a valid and binding agreement between Energy Acuity and Eclipsall Energy and, as such, contains the implied duty of good faith and fair dealing.

37.     In performing its obligations under the Agreement, Eclipsall Energy failed to act in good faith and to deal fairly with Energy Acuity by, among other things, using the Product without paying.

38.     As a direct and proximate cause of Eclipsall Energy's breach of the implied duty of good faith and fair dealing, Energy Acuity has been damaged in an amount to be proven at trial.

4829-1975-9634.2

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

39.     Plaintiff Energy Acuity hereby incorporates the allegations set forth in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.     Eclipsall Energy has benefitted from its use of the Product by, among other things, obtaining reports with data that can be used for research, strategic planning, business development, sales, and market intelligence.

41.     Eclipsall Energy's use of the Product has been at Energy Acuity's expense because Energy Acuity invested time and resources in developing the Product; Energy Acuity continues to devote resources to updating and improving the Product; and Energy Acuity expends substantial time and money on a daily basis gathering, sorting, and importing data into the Product.

42.     Eclipsall Energy has used the Product without paying Energy Acuity for Eclipsall Energy's use of the Product.

43.     It would be unjust to allow Eclipsall Energy to benefit from use of the Product without paying Energy Acuity for Eclipsall Energy's use of the Product.

44.     As a direct and proximate cause of Eclipsall Energy's unjust enrichment, Energy Acuity has been damaged in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Civil Theft)

45.     Plaintiff Energy Acuity hereby incorporates the allegations set forth in paragraphs 1 through 44 of the Complaint as if fully set forth herein.

4829-1975-9634.2

46. Through its unlicensed use of the Product, including the generation of reports from the Website, Eclipsall Energy has obtained Energy Acuity's proprietary information and data without Energy Acuity's authorization.

47. Energy Acuity's proprietary software and data has value and can be used for, among other things, research, strategic planning, business development, sales, and market intelligence.

48. Eclipsall Energy has not paid for any of the materials it has taken from Energy Acuity, including but not limited to reports generated from the Website containing Product data.

49. Eclipsall Energy has refused to return any of the materials it has taken from Energy Acuity.

50. Upon information and belief, Eclipsall Energy does not intend to return any of the materials it has taken from Energy Acuity.

51. As a direct and proximate cause of Eclipsall Energy's theft of Energy Acuity's Product, Energy Acuity has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Energy Acuity, LLC prays that the Court enter judgment in its favor and against Defendant Eclipsall Energy Corp. on each and every claim asserted herein, and that it be awarded the following relief:

a. An order finding that Eclipsall Energy has infringed Energy Acuity's copyrights in the Copyrighted Work and requiring Eclipsall Energy to pay all amounts due and owing under the Agreement to prevent Eclipsall Energy's past and continued infringement of the Copyrighted Work as permitted under 17 U.S.C. § 502;

4829-1975-9634.2

b.  An award of damages comprising statutory damages as provided in 17 U.S.C. § 504(c), or Energy Acuity's actual damages and the profits obtained by Eclipsall Energy as provided in 17 U.S.C. § 504(b);

c.  Costs and attorneys' fees as permitted under 17 U.S.C. § 505;

d.  Money damages, including special damages, in an amount to be calculated at trial;

e.  All applicable statutory penalties;

f.  Pre-judgment interest;

g.  Post-judgment interest; and

h.  Any such further relief as this Court deems just and proper under the circumstances

## JURY DEMAND

Energy Acuity, LLC demands a jury trial on all issues so triable.

Respectfully submitted this 5th day of February, 2013.

KUTAK ROCK LLP

*s/ Chad T. Nitta*
Chad T. Nitta
Michael M. Frandina
1801 California St., Suite 3100
Denver, CO 80202
Tel:  303-297-2400
Fax:  303-292-7799
chad.nitta@kutakrock.com
michael.frandina@kutakrock.com

*ATTORNEYS FOR PLAINTIFF*
*ENERGY ACUITY, LLC*

4829-1975-9634.2